IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID W CARMONA,         *

    Plaintiff/Counter Defendant,    *

                          **Civil Action No. RDB-19-3077**

    v.                     *

EBRR LOGISTICS, LLC *et al*,    *

    Defendants/Counter-Plaintiffs.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff David Carmona ("Plaintiff" or "Carmona") brings this wage dispute action against Defendants EBRR Logistics, LLC ("EBRR") and Ed Bilo ("Bilo") for violations of the Maryland Wage & Hour Law (Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*) (Count One), the Maryland Wage Payment & Collection Law (Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*) (Count Two), the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) (Count Three), and Breach of Contract under Maryland law (Count Four). (ECF No. 1.) Defendants have counter-claimed for Breach of Contract under Maryland law (Count One), Conversion under Maryland law (Count Two), and violation of the Maryland Uniform Trade Secrets Act (Count Three). (ECF No. 12.)

The parties entered a settlement agreement on May 10, 2021 (ECF No. 31), which was approved by this Court on May 11, 2021 (ECF No. 32). Pursuant to the settlement terms, the case was administratively closed, and this Court retained jurisdiction over enforcement of and disputes under the agreement. (ECF No. 32.) Upon Defendants' breach of the settlement agreement, Carmona moved to reopen the case (ECF No. 33) and revive his previously-pending Motion for Summary Judgment (ECF No. 27). The Court granted his request and

directed Defendants to respond to the pending Motion. (ECF No. 36.) The Defendants have responded (ECF No. 40), and Plaintiff's Motion is ripe for review. No hearing is necessary. Loc R. 105.6 (D. Md. 2021). Plaintiff's Motion is DENIED WITHOUT PREJUDICE chiefly because the factual record is not developed, rendering summary judgment improper. The Court shall issue an immediate Scheduling Order to provide time for the parties to undergo discovery prior to any re-filing of dispositive motions.

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). EBRR is based in Crofton, Maryland, and provides commercial property maintenance and contracting services to clients in the Mid-Atlantic region. (ECF No. 27-2 at 1.) Plaintiff was hired by EBRR's President, Defendant Bilo, for employment with EBRR on September 19, 2018, in a position titled "Director of Operations." *Id.* Although Carmona was hired as "Director of Operations", the position was listed as an "Operation/Construction Manager Position" on an online platform. (ECF No. 27-2 at 4.) The job description provided that the "professional will be responsible for overseeing multiple projects at once, and serving as the representative at each worksite in dealings with subcontractors, suppliers, customers, and government inspectors." *Id.* The objectives and responsibilities explained that the role required the employee to assist with sales, "oversee and provide direction to employees", prepare estimates, adhere to regulations and codes, attend progress meetings, and conduct quality inspections, among other responsibilities. *Id.* at 4-6.

Carmona's offer letter governed his first year of employment at EBRR and included terms of compensation, leave days, healthcare allowance, confidentiality stipulations, and termination policies. (ECF No. 27-2 at 1-3.) In particular, Carmona's yearly salary was $120,000 to be paid bi-weekly, he was eligible to earn sales commission based on a deal structure, allowed a health care allowance to be reimbursed, a company credit card, company housing in Baltimore, Maryland, a cell phone allowance of $50 per month, a yearly bonus range of $3,000-$10,000, three paid time off days, and remote workdays. *Id.* at 1-2. In addition, Carmona was to receive four weeks of company paid vacation leave. *Id.* The letter stated that upon termination of employment, Plaintiff was to return all EBRR property acquired by virtue of employment, and that his employment was governed by the employee handbook. *Id.* at 3. Carmona signed and accepted this offer letter on September 19, 2018. *Id.* Carmona terminated his employment on May 15, 2019. (ECF No. 27 at 6.)

Plaintiff filed suit in this Court on October 23, 2019, generally alleging that his job duties at EBRR did not match those listed on the job posting or his offer letter, and that EBRR owed him unpaid wages and promised expenses. (ECF No. 1.) EBRR and Bilo denied wrongdoing in their Answer (ECF Nos. 9, 10), and subsequently filed a crossclaim against Carmona alleging that he failed to return company equipment and retained customer lists and contact information after his employment. (ECF No. 12.) Plaintiff answered the crossclaim (ECF No. 16), and a Scheduling Order was entered thereafter. (ECF Nos. 19, 21.)

Prior to the dispositive motions deadline, Plaintiff filed the instant Motion for Summary Judgment. (ECF No. 27.) At the parties' request, a settlement conference was held before Magistrate Judge Coulson on April 13, 2021, and the case settled. The parties filed a

joint motion for settlement, which this Court granted on May 11, 2021. (ECF Nos. 31, 32.) The terms of the settlement agreement stated that "in the event Defendants fail to complete any portion of the herein stated payment plan, and following a five (5) day cure period, the promises and releases contained herein shall be deemed null and void and the Action returned to the Active Docket." (ECF No. 31-1 at 7.)

On November 30, 2021, Plaintiff filed a Motion to Reopen Case (ECF No. 33) stating that the Defendants failed to remit payment or cure their default under the terms of the settlement agreement. This Court granted that Motion, reopened the case, and directed Defendants to file a response to Plaintiff's previously-pending and newly-revived Motion for Summary Judgment. (ECF No. 34, 36.) Plaintiff's Motion for Summary Judgment (ECF No. 27) reiterates allegations contained in his Complaint and argues that he was inconsistently paid his monthly $1,500.00 health care expenses, never paid his three days of leave, never paid a housing allowance, never paid a bonus, inconsistently paid his cell phone allowance, and only partially paid portions of his salary, overtime wages, and commissions. Plaintiff's Motion is supported by his own affidavit. (ECF No. 27-1.) Carmona has also notified the Court that "Defendants have discharged their counsel and failed to participate in Discovery, thereby failing to generate a dispute of material fact." *Id.* at 4.

Defendants' Opposition (ECF No. 40) states that Plaintiff "has not provided any facts or evidence supporting he is owed all the damages." (ECF No. 40 at 3-4.) Defendants also assert that "Carmona's affidavit testimony provides no details accounting for the actual number of hours, days, and weeks he claims he worked overtime." *Id.* at 4. In contending there are evidentiary issues, Defendants chiefly argue that Plaintiff has used his dispositive motion

Case 1:19-cv-03077-RDB   Document 43   Filed 02/23/23   Page 5 of 8

as a sanction for Defendants' failure to participate in discovery. *Id.* at 5-7. Defendants' Opposition is supported by a brief affidavit by Bilo. (ECF No. 40-2.) Given that the parties had only undergone limited discovery prior to entering their settlement agreement, this Court DENIES Plaintiff's Motion to provide an opportunity for discovery. The Court shall issue an immediate Scheduling Order to allow for potentially more robust dispositive motions in the future.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718

F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).  Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650, 656-59 (2014); *Neal v. United States*, 599 F. Supp. 3d 270, 287 (D. Md. 2022) ("Where there is conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.").

## ANALYSIS

Plaintiff has moved for summary judgment on all Counts against Defendants. "As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). As the United States Court of Appeals for the Fourth Circuit has emphasized:

> [d]iscovery is usually essential in a contested proceeding prior to summary judgment because '[a] party asserting that a fact ... is genuinely disputed must support the assertion by,' inter alia, 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials.'

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(c)(1)(A)). "Obviously, 'by its very nature, the summary judgment process presupposes the existence of an adequate record.'" *Id.* (quoting *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)).

Under Federal Rule of Civil Procedure 56(e), if "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact", the court may "give an opportunity to properly support or address the fact." Relevant here, where there are competing affidavits, "summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility." *Neal v. United States*, 599 F. Supp. 3d 270, 287 (D. Md. 2022).

Plaintiff's Motion, Defendants' Opposition, and the parties' joint status report acknowledge that the parties have not completed discovery. Because of this lack of discovery, Plaintiff's Motion is merely supported by his own affidavit and is devoid of any facts or details surrounding his alleged unpaid wages and overtime claims. Defendants have asserted that the Plaintiff is using this Motion as an improper sanction for the lack of discovery, and points to Plaintiff's factual and evidentiary deficiencies to argue that summary judgment is improper. Defendants also rely on their own brief affidavit for support. Simply put, the factual record has not been developed, and the evidence amounts to competing affidavits. Without a developed factual record, summary judgment at this juncture is improper.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF No. 27) is DENIED WITHOUT PREJUDICE.

A separate Order follows.


Dated: February 23, 2023                                    _____/s/_____
                                                           Richard D. Bennett
                                                           United States District Judge