IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID W. CARMONA, | * | |
| *Plaintiff/Counter Defendant,* | * | |
| v. | * | Civil Action No. RDB-19-3077 |
| EBRR LOGISTICS, LLC, *et al.,* | * | |
| *Defendants/Counter Claimants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff David Carmona has brought this wage dispute action against Defendants EBRR Logistics, LLC, and Ed Bilo, President of EBRR, for violations of the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (Count One), the Maryland Wage Payment & Collection Law ("MWCPL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* (Count Two), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Count Three),[1] and Breach of Contract under Maryland law (Count Four). (ECF No. 1.) Defendants have counter-claimed for Breach of Contract under Maryland law (Count One), Conversion under Maryland law (Count Two), and violation of the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law §§ 11-1201, *et seq.* (Count Three). (ECF No. 12.)

The parties entered a settlement agreement on May 10, 2021 (ECF No. 31), which was approved by this Court on May 11, 2021 (ECF No. 32). Pursuant to the settlement terms, the case was administratively closed, and this Court retained jurisdiction over enforcement of and

---

[1] The jurisdiction of this Court is based upon federal question jurisdiction, 28 U.S.C. § 1331.

disputes under the agreement. (ECF No. 32.) Upon Defendants' alleged breach of the settlement agreement, Carmona moved to reopen the case (ECF No. 33) and revive his previously pending Motion for Summary Judgment (ECF No. 27). The Court granted his request to reopen but subsequently denied the motion without prejudice. (ECF No. 43.) After Defendant EBRR Logistics, LLC, failed to enter an appearance of counsel pursuant this this Court's Letter Order (ECF No. 51), Carmona moved for default judgment with respect to EBRR. (ECF No. 61.) This Court then granted default judgment in favor of Carmona against EBRR, with the amount of damages remaining to be determined. (ECF No. 64.)

Presently pending is Carmona's Renewed Motion for Summary Judgment (ECF No. 65). Although the motion seeks summary judgment against both the corporate defendant, EBRR, and the individual defendant, Ed Bilo, jointly and severally, this Court granted default judgment in favor of Carmona against EBRR (ECF No. 64). Accordingly, the Motion properly seeks summary judgment only against Ed Bilo, EBRR's President, on Carmona's claims under the MWHL (Count I), the MWCPL (Count II), and the FLSA (Count III).[2] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local R. 105.6 (D. Md. 2023). For the reasons stated below, Plaintiff's Motion for Summary Judgment (ECF No. 65) is DENIED. Genuine issues of material fact remain with respect to Carmona's claims against Ed Bilo.

## BACKGROUND

---

[2] Carmona does not move for summary judgment with respect to Count IV (breach of contract) because "should this Court grant the relief requested herein, Plaintiff's breach of contract damages would be deemed moot." (ECF No. 65 at 20.)

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). The following facts have previously been stated in this Court's Memorandum Opinion (ECF No. 43) but will be restated here for completeness.

Defendant EBRR Logistics, LLC, is based in Crofton, Maryland, and provides commercial property maintenance and contracting services to clients in the Mid-Atlantic region. (ECF No. 65-2 at 1.) Plaintiff David Carmona was hired by EBRR's President, Defendant Ed Bilo, for employment with EBRR on September 19, 2018, in a position titled "Director of Operations." (*Id.*) Although Carmona was hired as "Director of Operations", the position was listed as an "Operation/Construction Manager Position" on an online platform. (*Id.* at 4.) The job description provided that the "professional will be responsible for overseeing multiple projects at once, and serving as the representative at each worksite in dealings with subcontractors, suppliers, customers, and government inspectors." (*Id.*) The objectives and responsibilities explained that the role required the employee to assist with sales, "oversee and provide direction to employees," prepare estimates, adhere to regulations and codes, attend progress meetings, and conduct quality inspections, among other responsibilities. (*Id.* at 4–6.)

Carmona's offer letter governed his first year of employment at EBRR and included terms of compensation, leave days, healthcare allowance, confidentiality stipulations, and termination policies. (*Id.* at 1–3.) In particular, Carmona's yearly salary was $120,000 to be paid bi-weekly, he was eligible to earn sales commission based on a deal structure, allowed a health care allowance to be reimbursed, a company credit card, company housing in Baltimore,

Maryland, a cell phone allowance of $50 per month, a yearly bonus range of $3,000-$10,000, three paid time off days, and remote workdays. (*Id.* at 1–2.) In addition, Carmona was to receive four weeks of company paid vacation leave. (*Id.*) The letter stated that upon termination of employment, Plaintiff was to return all EBRR property acquired by virtue of employment, and that his employment was governed by the employee handbook. (*Id.* at 3.) Carmona signed and accepted this offer letter on September 19, 2018. (*Id.*) Carmona's employment with EBRR ended on May 15, 2019. (ECF No. 65-3 at 3.)

Plaintiff filed suit against EBRR and Bilo in this Court on October 23, 2019, alleging that his job duties at EBRR did not match those listed on the job posting or his offer letter, and that EBRR owed him unpaid wages and promised expenses. (ECF No. 1.) EBRR and Bilo denied wrongdoing in their Answer (ECF Nos. 9, 10), and subsequently filed a crossclaim against Carmona alleging that he failed to return company equipment and retained customer lists and contact information after his employment. (ECF No. 12.) Carmona answered the crossclaim (ECF No. 16), and a Scheduling Order was entered thereafter. (ECF Nos. 19, 21.)

Prior to the dispositive motions deadline, Carmona filed a Motion for Summary Judgment. (ECF No. 27.) At the parties' request, a settlement conference was held before Magistrate Judge Coulson of this Court on April 13, 2021, and the case settled. The parties filed a joint motion for settlement, which this Court granted on May 11, 2021. (ECF Nos. 31, 32.) The terms of the settlement agreement stated that "in the event Defendants fail to complete any portion of the herein stated payment plan, and following a five (5) day cure period, the promises and releases contained herein shall be deemed null and void and the Action returned to the Active Docket." (ECF No. 31-1 at 7.) On November 30, 2021,

Carmona filed a Motion to Reopen Case (ECF No. 33), stating that the Defendants failed to remit payment or cure their default under the terms of the settlement agreement. This Court granted that Motion, reopened the case, and subsequently denied Carmona's motion for summary judgment without prejudice. (ECF Nos. 34, 43.) After Defendant EBRR Logistics, LLC, failed to enter an appearance of counsel pursuant this this Court's Letter Order (ECF No. 51), Carmona moved for default judgment with respect to EBRR. (ECF No. 61.) This Court then granted default judgment in favor of Carmona against EBRR, with the amount of damages remaining to be determined. (ECF No. 64.)

Presently pending is Carmona's Renewed Motion for Summary Judgment (ECF No. 65). Although the motion seeks summary judgment against both the corporate defendant, EBRR, and the individual defendant, Ed Bilo, jointly and severally, this Court granted default judgment in favor of Carmona against EBRR (ECF No. 64). Accordingly, the Motion properly seeks summary judgment only against Ed Bilo, EBRR's President, on Carmona's claims under the MWHL (Count I), the MWCPL (Count II), and the FLSA (Count III). The motion does not seek summary judgment with regard to the breach of contract claim (Count IV) because the damages of that claim would be deemed moot in the event summary judgment was granted on Counts I, II, and III. (ECF No. 65 at 20.) In the Motion, which is substantially the same as his previous Motion for Summary Judgment (ECF No. 27), Carmona reiterates allegations contained in his Complaint and argues that he was inconsistently paid his monthly health care expenses, never paid his three days of leave, never paid a housing allowance, never paid a bonus, inconsistently paid his cell phone allowance, and only partially paid portions of his

salary, overtime wages, and commissions. (ECF No. 65.) Bilo's Response (ECF No. 66) chiefly argues that Carmona misstates material facts. The matter is ripe for review.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)

(explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650, 656-59 (2014); *Neal v. United States*, 599 F. Supp. 3d 270, 287 (D. Md. 2022) ("Where there is conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.").

## ANALYSIS

The Fair Labor Standards Act of 1938 ("FLSA"), 52 Stat. 1060, as amended, 29 U.S.C. § 201 *et seq.*, "'establishe[s] a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek' for many employees." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 97 (2015) (alteration in original) (quoting *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014)). Overtime compensation must be paid "at a rate not less than one and half times" the employee's regular rate. 29 U.S.C. § 207. The FLSA conditions liability on the existence of an employer-employee relationship. *See* 29 U.S.C. § 206(a). The Act's definition of "employer" is expansive, as it "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973) (noting the "expansiveness of the [FLSA's] definition of 'employer'").

The requirements of the Maryland Wage and Hour Law ("MWHL") mirror those of the FLSA. *See* Md. Code Ann., Lab. & Empl. § 3-401 *et. seq.* "Thus, Plaintiff['s] claim under the MWHL 'stands or falls on the success of [his] claim under the FLSA.'" *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D. Md. 2012) (quoting *Turner v. Human Genome Sci., Inc.*, 292

F. Supp. 2d 738, 744 (D. Md. 2003)). Although the definition of employer under the Maryland Wage Payment and Collection Law ("MWCPL"), Md. Code Ann., Lab. & Empl. § 3–501(b), is technically narrower than the definitions of the FLSA and MWHL, claims under the MWCPL are also evaluated under the same test. *See Campusano v. Lusitano Const. LLC*, 56 A.3d 303, 308 (Md. Ct. Spec. App. 2012); *see also Patel v. Harshal Enter., Inc.*, No. CV SAG-23-02323, 2023 WL 7299958 (D. Md. Nov. 6, 2023) (choosing not to apply the economic realties test under the MWCPL while finding employer liability under a narrower definition).

An individual's liability as an "employer" for overtime and minimum wage violations is assessed under the economic realities test, under which courts consider "the 'economic realities of the individual's relationship with the putative employee.'" *Jahn v. Tiffin Holdings, Inc.*, SAG-18-1782, 2020 WL 1285507, at *3 (D. Md. Mar. 18, 2020); *see also Newell v. Runnels*, 967 A.2d 729, 771–74 (Md. 2009) (applying the same "economic realities" test under the MWHL); *Macsherry v. Sparrows Point, LLC*, ELH-15-22, 2017 WL 3315262, at *34–35, (D. Md. Aug 3, 2017) (MWPCL claim). As this Court has previously noted, "[t]he economic reality of an individual's status as an employer may be determined by examining a number of factors—such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo v. Jason Zink, LLC*, RDB-09-1733, 769 F. Supp. 2d 880, 890 (D. Md. 2011). Factors to be considered include whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rivera v. Mo's Fisherman Exch., Inc.*, ELH-15-1427, 2018 WL 2020423, at *8 (D. Md. May 1, 2018)

(quoting *Prusin v. Canton's Pearls, LLC*, No. CV JKB-16-0605, 2017 WL 5126156, at *11 (D. Md. Nov. 6, 2017)). No single factor is dispositive; rather, the totality of the circumstances must be considered. *Iraheta v. Lam Yuen*, LLC, DKC 12-1426, 2012 WL 5995689, at *10 (D. Md. Nov. 29, 2012).

In this case, Carmona argues that Bilo was an employer because he is the President of EBRR, supervised the administration of EBRR and maintained either direct or indirect control over the scheduling of employees, received income from EBRR, was actively engaged in the management and direction of employees, and retains custody and control of EBRR's business records. (ECF No. 65 at 15.) Accordingly, Carmona argues, Bilo is an employer and is jointly and severally liable for damages. Bilo argues that he "is not in agreement with what the Plaintiff is claiming as the 'Four Factor Economic Reality Test' and the way the Plaintiff is construing the facts." (ECF No. 66 at 4.)

As President of EBRR, Bilo received distribution of profits from the company and exercises control over business records. (ECF No. 10 ¶ 7.) Bilo's role within EBRR is characteristic of having "'operational control over significant aspects of the business' and an 'ownership interest in the business.'" *Roley v. Nat'l Pro. Exch., Inc.*, 474 F. Supp. 3d 708, 722 (D. Md. 2020), *aff'd*, 860 F. App'x 264 (4th Cir. 2021) (quoting *Campusano v. Lusitano Const. LLC*, 56 A.3d 303, 311 (Md. Ct. Spec. App. 2012)). Bilo was not a manager "with no equity interest in the fruits of employee labor." *Campusano*, 56 A.3d at 311. Rather, he had a direct interest in the management and success of his company, and he controlled Carmona's work to a sufficient degree to rise to employer status under the FLSA, MWHL, and MWPCL. (*See* ECF No. 40-2; ECF No. 65-3.) Further, because Carmona was not employed in a "bona fide

9

executive, administrative, or professional capacity," he is not considered an exempt employee under the FLSA and the MWHL. 29 U.S.C. § 213(a)(1); Md. Code Ann., Lab. & Empl. § 3-403(1). Bilo and Carmona therefore had an employer-employee relationship under the FLSA, MWHL, and MWCPL.

Although Bilo and Carmona's relationship constitutes an employer-employee relationship, genuine issues of material fact nevertheless remain with regard to Carmona's claims. In particular, the affidavits compete on the issue of whether Carmona was due annual bonuses. In Carmona's affidavit, he avers that he is due an unpaid yearly bonus "per offer letter" of $10,000. (ECF No. 65-3 at 4.) Bilo's affidavit, conversely, states that "EBRR offered an annual discretionary bonus between $3,000 and $10,000. The annual bonus was not guaranteed and depended upon the company's financial performance. For the period of Plaintiff's employment, EBRR did not exceed its financial goals and did not authorize annual bonuses." (ECF No. 40-2 at 1.) Where there are competing affidavits, "summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility." *Neal v. United States*, 599 F. Supp. 3d 270, 287 (D. Md. 2022). Bilo's and Carmona's competing affidavits preclude summary judgment in this case. Moreover, factual disputes remain regarding Carmona's alleged commissions. Carmona seeks $4,166.66 in allegedly unpaid commissions, but Bilo avers that "[a]ll of Plaintiff's deals did not meet the conditions precedent to qualify under EBRR's commission plan." (ECF No. 65-3 at 4; ECF No. 40-2 at 2.) The parties further dispute the nature of Carmona's role, responsibilities, and privileges. (*See, e.g.*, ECF No. 65-3 at 3; ECF No. 66 at 2.)

These disputes of fact are both genuine and material, and they preclude summary judgment.

Accordingly, Carmona's Renewed Motion for Summary Judgment (ECF No. 65) is DENIED.

<strong>CONCLUSION</strong>

For foregoing reasons, it is this 12th day of March, 2024, hereby ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 65) is DENIED;

2. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: March 12, 2024

_____
/s/
Richard D. Bennett
United States Senior District Judge