IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID W. CARMONA, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-19-3077 |
| EBRR LOGISTICS, LLC, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff David Carmona brought this wage dispute action against Defendants EBRR Logistics, LLC, and Ed Bilo, President of EBRR, for violations of the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (Count One), the Maryland Wage Payment & Collection Law ("MWCPL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* (Count Two), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Count Three),[1] and Breach of Contract under Maryland law (Count Four). (ECF No. 1.) The procedural history of this case was previously recounted in this Court's Memorandum Opinion (ECF No. 43) and Memorandum Order (ECF No. 71). A default judgment has been previously entered against the defendant EBRR Logistics, LLC. (ECF No. 64.) The individual defendant Bilo has essentially acknowledged personal liability, but he has questioned the amount owed. For the reasons set forth on the record at a one-day bench trial conducted on May 9, 2024, and for those that follow, this Court concludes as follows:

---

[1] The jurisdiction of this Court is based upon federal question jurisdiction, 28 U.S.C. § 1331.

1. Defendants withheld salary due to Carmona in the amount of $6,000;

2. Defendants withheld commissions due to Carmona in the amount of $4,166.66;

3. Defendants withheld accrued vacation due to Carmona in the amount of $6,461.56;

4. Defendants withheld leave due to Carmona in the amount of $461.54;

5. Defendants withheld reimbursement for expenses due to Carmona in the amount of $1,108.46;

6. Defendants withheld annual bonuses due to Carmona in the amount of $7,500;

7. Defendants withheld unpaid overtime due to Carmona in the amount of $25,960.50;

8. Defendants are credited $6,608.92 against the judgment due to their previous payments according to a settlement agreement;

9. Judgment shall be entered in favor of Carmona on all counts;

10. EBRR Logistics, LLC, and Bilo are jointly and severally liable to Carmona for $45,049.80 in damages and $32,014.00 in attorneys' fees.

Pursuant to Federal Rule of Civil Procedure 52(a), the following memorandum constitutes this Court's findings of fact and conclusions of law.

## FINDINGS OF FACT

Having conducted a one-day bench trial in which the Court heard the testimony of Ed Bilo and David Carmona and considered documentary evidence submitted by the parties, this Court makes the following findings of fact.

Ed Bilo was the owner of EBRR Logistics, LLC. EBRR employed David Carmona under the auspices of an offer letter. (Ex. 3; ECF No. 27-2.) Pursuant to the offer letter,

2

Carmona was due $120,000 in salary to be paid bi-weekly. (*Id.* at 1.) He was also due up to 7% in commission for jobs that were completed, fully paid by the client, and had milestones/budgets met. (*Id.* at 1–2.) Furthermore, Carmona was due the following benefits: a company vehicle, company housing, health care reimbursement, cell phone allowance of $50 per month, a yearly bonus of $3,000–10,000, and three paid time off days. (*Id.* at 2.) He was also due to receive four weeks of company paid vacation. (*Id.* at 3.)

Carmona was employed by EBRR for a total of eight months, from September 19, 2018 to May 15, 2019. Bilo admitted that he did not pay Carmona two weeks of salary, totaling $6,000. Bilo also admitted to owing $4,166.66 in withheld commissions and $461.54 of unpaid leave. Furthermore, Bilo did not dispute that Carmona was due $6,461.56 in accrued vacation (14 days at $461.54 per day) and $7,500 in unpaid annual bonuses (the prorated amount of the bonus owed to Carmona). Bilo also did not dispute that he owed Carmona $1,108.46 in unpaid expenses, including cell phone, health care, fuel, and lodging. Moreover, a conservative estimate of the amount of overtime worked by Carmona is 10 hours a week over the course of 30 weeks, which would have been paid at a rate of $57.69 per hour (his weekly salary divided by forty hours).

## CONCLUSIONS OF LAW

EBRR is an enterprise as defined by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (s)(1). Defendants failed to pay Carmona a proper minimum wage and overtime rate in violation of the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401. Defendants also failed to pay Carmona all benefits and wages due prior to his

3

termination, including benefits, overtime, commissions, and bonuses, in violation of the Maryland Wage Payment & Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501. EBRR was Carmona's employer within the meaning of the FLSA, MWHL, and MWPCL, and Bilo exercised control of EBRR such that he is jointly and severally liable with EBRR as an employer under those statutes.[2] At the bench trial, Bilo did not dispute that he qualifies as an employer under those statutes. Defendants' failure to pay Carmona according to the offer letter constituted a breach of contract.

"The FLSA generally requires that employers pay overtime in the amount of one-and-a-half times an employee's 'regular rate' for each hour their employees work in excess of 40

---

[2] As noted in this Court's previous Memorandum Order (ECF No. 71), an individual's liability as an "employer" for overtime and minimum wage violations is assessed under the economic realities test, under which courts consider "the 'economic realities of the individual's relationship with the putative employee.'" *Jahn v. Tiffin Holdings, Inc.*, SAG-18-1782, 2020 WL 1285507, at *3 (D. Md. Mar. 18, 2020); *see also Newell v. Runnels*, 967 A.2d 729, 771–74 (Md. 2009) (applying the same "economic realities" test under the MWHL); *Macsherry v. Sparrows Point, LLC*, ELH-15-22, 2017 WL 3315262, at *34–35, (D. Md. Aug 3, 2017) (MWPCL claim). As this Court has previously noted, "[t]he economic reality of an individual's status as an employer may be determined by examining a number of factors—such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo v. Jason Zink, LLC*, RDB-09-1733, 769 F. Supp. 2d 880, 890 (D. Md. 2011). Factors to be considered include whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rivera v. Mo's Fisherman Exch., Inc.*, ELH-15-1427, 2018 WL 2020423, at *8 (D. Md. May 1, 2018) (quoting *Prusin v. Canton's Pearls, LLC*, No. CV JKB-16-0605, 2017 WL 5126156, at *11 (D. Md. Nov. 6, 2017)). No single factor is dispositive; rather, the totality of the circumstances must be considered. *Irabeta v. Lam Yuen*, LLC, DKC 12-1426, 2012 WL 5995689, at *10 (D. Md. Nov. 29, 2012). As President and Owner of EBRR, Bilo received distributions of profits from the company and exercised control over business records. (ECF No. 10 ¶ 7.) Bilo's role within EBRR is characteristic of having "'operational control over significant aspects of the business' and an 'ownership interest in the business.'" *Roley v. Nat'l Pro. Exch., Inc.*, 474 F. Supp. 3d 708, 722 (D. Md. 2020), *aff'd*, 860 F. App'x 264 (4th Cir. 2021) (quoting *Campusano v. Lusitano Const. LLC*, 56 A.3d 303, 311 (Md. Ct. Spec. App. 2012)). Bilo had a direct interest in the management and success of his company, and he controlled Carmona's work to a sufficient degree to rise to employer status under the FLSA, MWHL, and MWPCL. (*See* ECF No. 40-2; ECF No. 65-3.) Bilo therefore qualifies as an employer under those statutes.

per week." *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 120 (4th Cir. 2015) (quoting 29 U.S.C. § 207(a)(1)). "The Act does contain exemptions, however. As is relevant here, it exempts 'any employee employed in a bona fide executive, administrative, or professional capacity.'" *Calderon*, 809 F.3d at 120 (quoting 29 U.S.C. § 213(a)(1)). "Whether an employee is exempt from the FLSA's overtime requirements is a mixed question of law and fact; '[t]he question of how the [employees] spent their working time . . . is a question of fact. The question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (alterations in original) (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)). "An employer must prove by clear and convincing evidence that an employee qualifies for exemption." *Williams*, 809 F.3d at 109 (citing *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993)). "FLSA exemptions are to be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and spirit.'" *Calderon*, 809 F.3d at 120 (alteration in original) (quoting *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688, 692 (4th Cir. 2009)).

Bilo put forth no evidence that Carmona qualified for any of the limited exemptions under the FLSA. The burden of clear and convincing evidence was on Bilo to prove that Carmona was exempt from the FLSA, but he failed to meet that burden. Accordingly, this Court finds that Carmona was not employed in a bona fide executive, administrative, or professional capacity and therefore is not exempt from the overtime protections of the FLSA. 29 U.S.C. § 213(a).

As a result of Defendants' violations of the FLSA, MWHL, and MWPCL, Carmona is entitled to an award of reasonable attorneys' fees and costs of this action. Those fees are in addition to the damages owed to Carmona for the violations of the FLSA, MWHL, and MWPCL, as well as for breach of contract, which are as follows:

1. $6,000 in withheld salary;

2. $4,166.66 in withheld commissions;

3. $6,461.56 in accrued vacation;

4. $461.54 in withheld leave;

5. $1,108.46 in unpaid expenses;

6. $7,500 in withheld bonuses;

7. $25,960.50 in unpaid overtime.

Accordingly, Defendants owed $51,658.72 in damages to Carmona. However, as set forth on the record and pursuant to a previous Order of this Court, Defendants are credited $6,608.92 against the judgment, as that much had been paid pursuant to a settlement agreement. (ECF No. 36.) Thus, the remaining total amount in damages owed to Carmona is $45,049.80, plus attorneys' fees.

The proper calculation of attorneys' fees requires the Court to "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). "To determine a reasonable hourly rate, the lodestar method looks to the prevailing market rates in the community where the court sits." *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988). In the District of Maryland, attorneys' fees are presumed in line with those prevailing in the community if they abide by

the Guidelines Regarding Hourly Rates contained in Appendix B of the Local Rules.[3] "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). In assessing reasonableness, the United States Court of Appeals for the Fourth Circuit has instructed district courts to consider what are known as the *Johnson*[4] factors, which are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *McAfee*, 738 F.3d at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The Fourth Circuit has noted that a district court's determination of attorneys' fees should stand unless the district court abused its discretion by reaching a decision that is "clearly

---

[3] The Local Rules provide non-binding guidelines regarding reasonable hourly rates that vary depending on how long an attorney has been admitted to the bar. *See* Loc. R. Appendix B.3 (D. Md. 2023). The Local Rules put forth the following guidelines: $150–225 for lawyers admitted to the bar for less than five years; $165–300 for lawyers admitted for five to eight years; $225–350 for lawyers admitted for nine to fourteen years; $275–425 for lawyers admitted for fifteen to nineteen years; and $300–475 for lawyers admitted for twenty years or more. *Id.* The rate for paralegals and law clerks is $95–150. *Id.*

[4] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), a Title VII case, the Fifth Circuit listed twelve factors that a federal district court judge must consider in awarding reasonable fees. *Id.* at 717–19.

wrong" or committing an "error of law." *Id.* at 88 (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

Carmona employed Christopher Staiti to represent him. Staiti was admitted to the bar in April 2004. Staiti billed at rate of no more than $350 per hour, which is well within the guidelines for his experience. The Attorney Fees Report (Ex. 9; ECF No. 80) is itemized, and Staiti and his staff worked reasonable hours on Carmona's behalf. In total, Staiti and his staff accrued $32,014.00 in attorneys' fees. This is a reasonable sum, and it will be added to Carmona's award.

## CONCLUSION

For foregoing reasons, it is this 10th day of May, 2024, hereby ORDERED that:

1. EBRR Logistics, LLC, and Bilo are jointly and severally liable to Carmona for $45,049.80 in damages and $32,014.00 in attorneys' fees;

2. Judgment shall be entered in favor of Carmona on all counts.

A separate order follows.

Dated: May 10, 2024

_____
/s/
Richard D. Bennett
United States Senior District Judge