IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID W. CARMONA, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-19-3077 |
| EBRR LOGISTICS, LLC, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM ORDER</u>

Judgment was entered in this case on May 10, 2024. (ECF No. 83.) Plaintiff David Carmona moved to Amend the Judgment on May 20, 2024, seeking treble damages under the Maryland Wage Payment & Collection Law ("MWCPL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*, and liquidated (double) damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (ECF No. 84.) For the reasons set forth below, Plaintiff's Motion to Amend the Judgment (ECF No. 84) is GRANTED IN PART AND DENIED IN PART. The judgment will be amended to reflect that Carmona shall receive an additional $25,960.50 in liquidated damages under the FLSA.

## ANALYSIS

The procedural history of this case was previously recounted in this Court's Memorandum Opinion (ECF No. 43) and Memorandum Order (ECF No. 71). A default judgment has been previously entered against the defendant EBRR Logistics, LLC. (ECF No. 64.) This Court held a one-day bench trial on May 9 (ECF No. 77), and judgment was entered on May 10, 2024 (ECF No. 83). This Court found that EBRR is an enterprise as defined by

the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (s)(1). (ECF No. 82 at 3.) Defendants failed to pay Carmona a proper minimum wage and overtime rate in violation of the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401. (*Id.*) Defendants also failed to pay Carmona all benefits and wages due prior to his termination, including benefits, overtime, commissions, and bonuses, in violation of the Maryland Wage Payment & Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501. (*Id.* at 3–4.) EBRR was Carmona's employer within the meaning of the FLSA, MWHL, and MWPCL, and Bilo exercised control of EBRR such that he is jointly and severally liable with EBRR as an employer under those statutes. (*Id.* at 4.) Defendants' failure to pay Carmona according to the offer letter constituted a breach of contract. (*Id.*) Defendants accordingly owed Carmona $45,049.80 in damages, plus attorneys' fees in the amount of $32,014.00, totaling to $77,063.80. (*Id.* at 6, 8.)

Under the FLSA, employers who fail to pay minimum wages or overtime compensation are liable in those amounts for liquidated (double) damages. 29 U.S.C. § 216. "The FLSA accords a presumption in favor of awarding liquidated damages, unless the employer demonstrates 'that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair' to award liquidated damages." *Green v. Cent. Towing, Inc.*, No. 8:21-CV-00030-PX, 2023 WL 1995413, at *6 (D. Md. Feb. 13, 2023) (quoting *Rogers v. Savings First Mortg.*, 362 F. Supp. 2d 624, 637–38 (D. Md. 2005)). "A defendant may avoid a liquidated damages award if he 'shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for

believing that his act or omission was not a violation of the [FLSA].'" *Portillo v. H Rest. & Night Club*, No. 8:21-CV-02894-PX, 2024 WL 1256265, at *12 (D. Md. Mar. 25, 2024) (quoting 29 U.S.C. § 260).

"In this Court, it is well established that a plaintiff is 'entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both.'" *Falaiye v. CCA Acad. Res., LLC*, No. CV PX 16-2887, 2017 WL 4098740, at *6 (D. Md. Sept. 14, 2017) (quoting *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC–10–2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011)). "It is customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the defendants fail to offer any evidence of a bona fide dispute, making liquidated damages appropriate, but the plaintiffs fail to offer any evidence that they suffered consequential damages from the underpayments." *Nolet v. APS Sols., Inc.*, No. GJH-20-70, 2021 WL 4502811, at *6 (D. Md. Sept. 30, 2021) (citing *Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016)); *see also Green v. Cent. Towing, Inc.*, No. 8:21-CV-00030-PX, 2023 WL 1995413, at *6 (D. Md. Feb. 13, 2023). At the bench trial, Bilo did not contest that he owed Carmona unpaid wages. Therefore, there is no evidence of a bona fide dispute regarding those damages. However, Carmona did not demonstrate that he suffered consequential damages from the underpayments. He put forth no evidence to support a finding of consequential damages. Accordingly, this Court will award liquidated damages under the FLSA but not treble damages under the MWPCL. This Court therefore GRANTS Plaintiff's Motion to Amend Order and Judgment (ECF No. 84) with respect to liquidated damages under the FLSA but DENIES the motion with respect to statutorily allowed damages under the MWPCL.

3

## CONCLUSION

For foregoing reasons, it is this 24th day of July, 2024, hereby ORDERED that:

1. Plaintiff's Motion to Amend Order and Judgment (ECF No. 84) is GRANTED IN PART AND DENIED IN PART;

2. Plaintiff's Motion to Amend Order and Judgment (ECF No. 84) is GRANTED with respect to liquidated damages under the FLSA;

3. Plaintiff's Motion to Amend Order and Judgment (ECF No. 84) is DENIED with respect to treble damages under the MWPCL;

4. This Court's Order and Judgment will be AMENDED to reflect that Defendants EBRR Logistics, LLC, and Ed Bilo SHALL PAY Carmona an additional $25,960.50 in liquidated damages under the FLSA, for a total of $71,010.3 in damages and $32,014.00 in attorneys' fees;

5. Defendants EBRR Logistics, LLC, and Ed Bilo are jointly and severally liable in the total amount of $103,024.30;

6. The Clerk of this Court shall transmit copies of this Memorandum Order and accompanying Amended Order and Judgment to counsel for the plaintiff and to the pro se defendant.

Dated: July 24, 2024

$\underline{\hspace{3cm}/s/\hspace{3cm}}$
Richard D. Bennett
United States Senior District Judge